IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN &
FOR DUVAL COUNTY, FLORIDA

JACK Y. HANANIA and
DEBORAH S. HANANIA, a married couple,

        Plaintiffs,

CASE NO.:
DIVISION:

vs.

HARTFORD INSURANCE COMPANY OF THE
MIDWEST

        Defendant.

_____/

## COMPLAINT

COME NOW the Plaintiffs, JACK Y. HANANIA and DEBORAH S. HANANIA, by and through the undersigned attorney, and sue the Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST (hereinafter "HARTFORD"), and allege as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages which exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, attorneys' fees, and costs.

2. At all times material hereto, HARTFORD had its principal place of business in Hartford, Connecticut, and was licensed to sell homeowner's insurance policies in the State of Florida.

3. Venue is proper in Duval County as all acts or omissions complained of herein occurred in Duval County.

4. JACK HANANIA and DEBORAH HANANIA (hereinafter "the HANANIAS") are residents of Duval County, Florida, residing at 2122 River Road, Jacksonville, Florida 32207 (hereinafter "THE HOME").

5. The HANANIAS purchased a Homeowner's Policy from HARTFORD, which covered THE HOME and its contents.

6. HARTFORD issued Policy Number 87055590432017 to the HANANIAS, with a policy period in effect during the September 11, 2017 date of loss (hereinafter "THE SUBJECT POLICY").

7. At all times material hereto, the HANANIAS paid all premiums on THE SUBJECT POLICY in full, and THE SUBJECT POLICY was in full force and effect during the time related to these claims.

8. On or about September 11, 2017, the THE HOME incurred substantial water damage due to flooding.

9. The HANANIAS timely submitted a claim under THE SUBJECT POLICY.

10. On September 20, 2017, HARTFORD sent a letter to the HANANIAS stating that it was making advance payment. **(EXHIBIT A)**

11. The letter explained that $30,000.00 was being made for "Building advance payments," and that $10,000.00 was being made for "Contents advance payments." **(EXHIBIT A)**

12. On October 17, 2017, the HANANIAS hired JARDY Group to conduct an inspection of the HOME to evaluate the extent of water damage and necessary repairs. **(Copies of JARDY GROUP'S field testing report and project summary report are attached as EXHIBIT B)**

13. JARDY Group's inspection revealed evidence of substantial water damage, including but not limited to the following:

    a.  Excessive moisture in wood and cementous building components; and

    b.    visible microbial growth.

14. The HANANIAS hired JARDY Group to perform mitigation repairs to THE HOME.

15. The total cost of repairs to the HOME to date total $92,754.39.

16. On October 3, 2018, the HANANIAS submitted a supplemental claim for $59,985.85. **(EXHIBIT C)**.

17. On January 14, 2019, HARTFORD sent a letter to the HANANIAS advising that it had determined the "flood insurance policy cannot respond to assist you with the requested damage." **(EXHIBIT D)**.

18. According to the letter, HARTFORD incorrectly denied the HANANIA'S claim, relying on THE SUBJECT POLICY exclusion for "[d]amages caused by moisture."

19. All conditions precedent to this action have been satisfied, have occurred, or have otherwise been waived.

## COUNT I: BREACH OF CONTRACT

20. THE HANANIAS re-allege paragraphs one (1) through nineteen (19) of the General Allegations and incorporate them by reference into this Count.

21. THE SUBJECT POLICY between HARTFORD and the HANANIAS is a valid contract.

22. Under THE SUBJECT POLICY, HARTFORD had a contractual duty to:

    a.    Pay the HANANIA'S valid claim on the water damage caused to the HOME by the September 11, 2017 flood.

23. HARTFORD breached its contractual duty by failing to pay the valid claim in full for the water damage caused to THE HOME by the September 11 flood, which constitutes a covered loss under the terms of THE SUBJECT POLICY.

24. The HANANIAS have been damaged by HARTFORD'S breach, including but not limited to:

    b. The costs to repair THE HOME that is properly the responsibility of HARTFORD under THE SUBJECT POLICY; and

    c. The reasonable attorneys' fees and costs associated with bringing this action.

25. Pursuant to Fla. Stat. § 627.428, the HANANIAS are entitled to recover the reasonable attorneys' fees and costs they have incurred in bringing this action.

WHEREFORE, the HANANIAS demand judgment against HARTFORD for damages, attorneys' fees and costs, pre- and post-judgment interest, and for any other relief, equitable or otherwise, the Court deems just and proper, and demand a trial by jury on all issues so triable.

Respectfully submitted this 9th day of October, 2019.

Peter A. Robertson, Esquire, FBN: 876089
William Douglas Stanford, Jr., Esquire, FBN: 72873
Jacklyn Bennett, Esquire, FBN: 1007659
Terence P. Keyes, Esquire, FBN: 122049
Damian Hunt, Esquire, FBN: 1015324
**THE ROBERTSON FIRM**
5575 A1A South- Suite 116
St. Augustine, FL 32080
Phone: (904) 853-2612
Fax:     (904) 853-2613
Primary E-mail:      peter@robertsonfirm.com
Secondary E-mails:   doug@robertsonfirm.com
                     terence@robertsonfirm.com
                     jacklyn@robertsonfirm.com
ATTORNEY FOR PLAINTIFF